# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHONY WILLIAMS,
        *Plaintiff-Appellant,*

v.

UNITED AIRLINES, INC; RON KING,
        *Defendants-Appellees.*

No. 05-17072

D.C. No.
CV-04-03787-CW

OPINION

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted August 13, 2007*
San Francisco, California

Filed August 31, 2007

Before: Eugene E. Siler, Jr.,** M. Margaret McKeown, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge McKeown

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Eugene E. Siler, Jr., Senior United States Circuit
Judge for the Sixth Circuit, sitting by designation.

11179

**COUNSEL**

Anthony L. Williams, Oakland, California, pro se, for the plaintiff-appellant.

Michael Mankes and Michael G. Pedhirney, Littler Mendelson, San Francisco, California, for the defendants-appellees.

**OPINION**

McKEOWN, Circuit Judge:

Anthony L. Williams appeals the district court's dismissal of his complaint alleging violations of the Federal Airline Deregulation Act's Whistleblower Protection Program (the "WPP"), 49 U.S.C. § 42121, and related state law claims. At issue in this case is whether an aggrieved employee may bring a suit in federal district court to allege violations of the WPP. We hold that the WPP does not create such a right of action and affirm the district court's dismissal of Williams's action on the basis that the district court lacked subject matter jurisdiction.

**BACKGROUND**

Anthony L. Williams worked at United Airlines's Oakland Maintenance Facility from 1989 until his termination in 2003. His direct supervisor was Ron King.[1]

In September 2004, Williams filed a pro se complaint against United, alleging retaliatory discrimination under the WPP and three state law tort claims. He claimed that United terminated him in retaliation for a dispute related to an alleged safety violation. The district court exercised jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims. Williams's retaliatory discrimination claim was dismissed on summary judgment, and his state law claims were dismissed under Federal Rule of Civil Procedure 12(b)(6).

On appeal, United does not challenge the district court's exercise of jurisdiction. Nonetheless, we are "obliged to raise questions of the district court's subject-matter jurisdiction sua sponte." *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[T]he consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." (internal citations omitted)). We uphold the dismissal of the action not on the merits but because the district court lacked jurisdiction. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007) ("We may affirm on any basis supported by the record, whether or not relied upon by the district court.").

---

[1]We refer to United Airlines and King collectively as "United."

ANALYSIS

## I. THE WHISTLEBLOWER PROTECTION PROGRAM

[1] The WPP was enacted as part of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, Pub. L. No. 106-181, Title V, § 519(a), 114 Stat. 61, 145-49 (2000). The program was designed to "provide protection for airline employee whistleblowers by prohibiting the discharge or other discrimination against an employee who provides information to its employer or the Federal government about air safety or files or participates in a proceeding related to air safety." H.R. Rep. No. 106-167, pt. 1, at 100 (1999).

[2] Consistent with this goal, the WPP established a detailed administrative scheme for the investigation and resolution of claims brought by airline employees. *See* 49 U.S.C. § 42121(b); 29 C.F.R. Part 1979. An aggrieved employee may file a complaint with the Secretary of Labor ("Secretary") within 90 days after the date on which a violation of the WPP occurs. 49 U.S.C. § 42121(b)(1). Once an employee files a complaint and presents a prima facie case pursuant to § 42121(b)(2)(B)(i), the Secretary must conduct an investigation and issue a final order. *See id.* §§ 42121(b)(2)(A), (b)(3)(A). The statute explicitly provides for review of the Secretary's final order in the courts of appeal. *See id.* § 42121(b)(4). In the event of non-compliance with the Secretary's final order, either the Secretary or the employee may bring a civil action in a federal district court to compel compliance with the Secretary's order. *Id.* § 42121(b)(5), (b)(6).

## II. NO PRIVATE RIGHT OF ACTION IN FEDERAL DISTRICT COURT UNDER THE WPP

In its brief on appeal, United posits that the district court has original federal subject matter jurisdiction because Williams filed a claim under a federal statute. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." However, this general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807-12 (1986); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987). Thus the threshold question is whether an aggrieved employee may bring a suit under the WPP in federal district court.

In exercising jurisdiction, the district court noted that the administrative filing requirement in § 42121(b)(1) is phrased permissively: "A person who believes that he or she has been discharged or otherwise discriminated against . . . *may* . . . file . . . a complaint with the Secretary of Labor alleging such discharge or discrimination." 49 U.S.C. § 42121(b)(1) (emphasis added). Focusing on this language, the district court concluded that "exhaustion of administrative remedies" was not required before bringing a claim under the WPP in federal district court.[2]

The district court's construction of the permissive language in § 42121(b)(1) conflates the concepts of administrative exhaustion and subject matter jurisdiction. Administrative exhaustion generally refers to the requirement that a complainant first pursue available administrative remedies before filing a suit in a judicial forum. Here, the question is not whether Williams must first file an administrative complaint

---

[2]The district court's reliance on *Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210 (W.D. Wash. 2003), was misplaced. The conclusion in *Fadaie* that "Fadaie could have elected to forego his administrative options and file his [WPP] whistleblower claims directly in a court of law," *id.* at 1220, was apparently based on a misinterpretation of the relevant discussion in *Branche v. Airtrain Airways, Inc.*, 342 F.3d 1248, 1264 (11th Cir. 2003). In fact, *Branche* was clear that "under the WPP the plaintiff cannot directly file a civil action against his employer, but instead must file a complaint with the Secretary of Labor." *Id.* at 1261 n.8 (citing 49 U.S.C. § 42121(b)(1)).

before filing a claim in federal district court; rather, the question is whether Williams could have brought this action at all in federal district court. If the WPP does not create such a right of action, Williams may not sue in federal district court even after filing a complaint with the Secretary of Labor.

**[3]** That an aggrieved employee "may" file an administrative complaint with the Secretary of Labor under § 42121(b)(1) does not, by itself, imply that jurisdiction is also authorized in federal district courts. As the Supreme Court has often repeated, "[f]ederal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1 [of the United States Constitution]. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir.*, 456 U.S. at 701.

On this point, *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998), is instructive. *ErieNet* involved a class action suit under the Telephone Consumer Protection Act, which provides that "[a] person or entity *may* . . . bring in an appropriate court of that State . . . an action based on a violation of this subsection." 47 U.S.C. § 227(b)(3) (emphasis added). The class members argued that Congress's use of the word "may" indicated that the statute did not limit jurisdiction to state courts. *ErieNet*, 156 F.3d at 516. The Third Circuit rejected this argument, explaining that "[t]he appellants' argument that the permissive reference to state courts implies the existence of federal jurisdiction is undercut by the fact that there is no presumption of jurisdiction in the federal courts." *Id.* (citing *Sheldon v. Sill*, 49 U.S. 441 (8 How.), 442 (1850)).

**[4]** In short, the "may" language in § 42121(b)(1) merely confers authority on the Secretary of Labor to accept complaints from aggrieved employees. Whether the WPP grants

federal district courts jurisdiction to entertain claims alleging violations of the WPP is a separate question.[3]

Because the WPP does not expressly grant a right of action in federal district court, we consider whether there is an *implied* right of action under the statute.[4] In *Cort v. Ash*, the Supreme Court announced four factors to consider when deciding whether a private right of action is implicit in a federal statute:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

422 U.S. 66, 78 (1975) (internal quotations and citations omitted).

Since *Cort*, the Supreme Court has focused on the second

---

[3]Under the WPP, an aggrieved employee may bring an action in federal district court to *enforce* the Secretary of Labor's final order. 49 U.S.C. § 42121(b)(6). The right to enforce the Secretary's final order in federal district court should not be confused with the right to file a claim in federal district court to allege violations of the statute.

[4]Administrative regulations may also imply a right of action in federal court. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 536-37 (9th Cir. 1984) (Securities and Exchange Act regulation). Here, the relevant regulations (29 C.F.R. Part 1979) simply elaborate upon the administrative scheme set forth in 49 U.S.C. § 42121. It is therefore unnecessary to separately analyze those regulations.

*Cort* factor—whether there is congressional intent to create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (stating that "[s]tatutory intent . . . is determinative."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1351-52 (11th Cir. 2002) (explaining that since the late 1970s, the Supreme Court has "gradually receded from its reliance on three of these four factors, focusing exclusively on legislative intent"); *see also Thompson v. Thompson*, 484 U.S. 174, 189 (1988) (Scalia, J., concurring) (arguing that *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-576 (1979), and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 18 (1979), effectively overruled *Cort*).

**[5]** The plain language of the WPP supports the view that Williams is a member of the special class the statute was designed to protect. *See Cannon v. Univ. of Chi.*, 441 U.S. 677, 690-91 (1979) ("There would be far less reason to infer a private remedy in favor of individual persons if Congress, instead of drafting Title IX with an unmistakable focus on the benefitted class, had written it simply as a ban on discriminatory conduct . . . ."). However, "even where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent 'to create not just a private *right* but also a private *remedy*.' " *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (emphasis in original) (quoting *Sandoval*, 532 U.S. at 286). Here, there is no evidence that Congress intended to create a direct remedy in federal district court. Because congressional intent is clear, the third and fourth factors in *Cort* are unnecessary to our analysis.

Congress established a carefully-tailored administrative scheme in the WPP and provided exclusive judicial review of the Secretary's order in the courts of appeal. 49 U.S.C. § 42121(b)(4). Congress also expressly granted federal district courts original jurisdiction over suits brought to enforce the Secretary's final orders. *Id.* § 42121(b)(5), (b)(6). "The explicit provision of these elaborate enforcement mechanisms

strongly undermines the suggestion that Congress also intended to create by implication a private right of action in a federal district court but declined to say so expressly." *Love*, 310 F.3d at 1357. As the Supreme Court counseled in *Transamerica*, 444 U.S. at 19, "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *See also Nat'l Railroad Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

The legislative history of the WPP does not warrant a different conclusion. Congress was silent on the question of whether an aggrieved employee may bring a suit in federal district court to allege a violation of the WPP, and "implying a private right of action on the basis of congressional silence is a hazardous enterprise, at best." *Touche Ross & Co.*, 442 U.S. at 571.

Congress modeled the WPP after many of the existing federal whistleblower protection statutes. *See* H.R. Rep. No. 106-167, at 100 ("There are currently over a dozen Federal laws protecting whistleblowers including laws protecting nuclear plant workers, miners, truckers, and farm laborers when acting as whistleblowers."). Notably, certain federal whistleblower statutes *expressly* grant a right of action in federal district court. *See, e.g.*, 31 U.S.C. § 3730(h) (Whistleblower protection under the False Claims Act) ("An employee may bring an action in the appropriate district court of the United States for the relief provided in [31 U.S.C. § 3730]."); 46 U.S.C. § 2114(b) (Protection of Seaman against Discrimination) ("A seaman discharged or otherwise discriminated against in violation of [46 U.S.C. § 2114] may bring an action in an appropriate district court of the United States."). The explicit authorization of district court jurisdiction found in

these other federal whistleblower statutes demonstrates that Congress clearly knows how to provide for such jurisdiction when it intends to do so.

**[6]** In short, the plain language of the WPP and its statutory scheme counsel against implying a right of action in federal district court. This conclusion is in accord with cases in which courts have considered almost identical statutory language in other federal statutes and held that such statutes do not imply a right of action in federal district court. *See, e.g.*, *Love*, 310 F.3d at 1351-60 (anti-discrimination provision under the Air Carrier Access Act); *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637-38 (2d Cir. 1989) (whistleblower protection provision under the Energy Reorganization Act); *Taylor v. Brighton, Corp.*, 616 F.2d 256, 258-64 (6th Cir. 1980) (whistleblower protection provision in the Occupational Safety and Health Act).

## III. STATE LAW CLAIMS

**[7]** The dismissal of Williams's federal claim requires dismissal of his state law claims. *See Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (explaining that "dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed"). Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both Williams and King are citizens of California. *See* 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (noting the requirement of complete diversity between a plaintiff and each of the defendants).

**AFFIRMED.**