**NOT FOR PUBLICATION**

JUL 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYAL CROWN INSURANCE CORPORATION, | No. 09-17900 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00030-ARM |
| v. | MEMORANDUM[*] |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; JACINTA M. KAIPAT, in her official capacity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted June 13, 2011
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

Royal Crown Insurance Corp. ("Royal Crown") appeals from the district

court's order granting the Commonwealth of the Northern Mariana Islands

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("CNMI") and CNMI Acting Secretary of Labor Jacinta M. Kaipat's (the "Secretary's") motion to dismiss this action. It also appeals from the district court's denial of its motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the dismissal of Royal Crown's claim for judicial review of the administrative appeal order as well as the dismissal of the § 1983 claim against the CNMI.

## I

Although the district court dismissed this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and neither party has raised the question of subject-matter jurisdiction in this appeal, we are nonetheless "obliged to raise questions of the district court's subject-matter jurisdiction sua sponte." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021 (9th Cir. 2007) (citation omitted).

Royal Crown contends that its right to due process of law was violated in its administrative proceedings before the Department of Labor (the "Department"). It brought a claim for relief under 42 U.S.C. § 1983 against Kaipat, in her official capacity, and the CNMI. Only "persons" are subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). The CNMI "is not a 'person' within the meaning of § 1983." *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.

2

1992)  The district court therefore lacked subject matter jurisdiction over Royal Crown's § 1983 claim against the CNMI.

## II

Royal Crown contends the district court erred in dismissing with prejudice its claim for judicial review of the administrative decision as time-barred.  It asserts that CNMI law is ambiguous as to when the 30-day period for filing for judicial review commences.  It further argues that, even if the statute of limitations had expired, the time for filing was equitably tolled.  We review de novo a district court's dismissal of a complaint under Rule 12(b)(6).  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010).  The district court's determination of state law is also reviewed de novo.  *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1186-87 (9th Cir. 2002).

The Secretary may not begin review of an appeal from a hearing officer's order unless and until an appeal is filed.  3 N. Mar. I. Code § 4948(a).  "Upon completion of review, the Secretary shall confirm or modify the finding, decision, or order in writing as soon as practicable."  § 4948(c).  However, "[f]ailure by the Secretary to confirm or modify a finding, decision, or order within thirty (30) days shall constitute confirmation of each of the findings, decisions, or orders of the hearing officer as the final action of the Secretary for purposes of judicial review."

*Id.* Judicial review of an administrative appeal order "shall be initiated within thirty (30) days of final action." 3 N. Mar. I. Code § 4949(a).

Under CNMI caselaw, a hearing officer's decision is confirmed by default for purposes of judicial review when the Secretary fails to act within thirty days after the filing of the appeal. *See Li Quirong v. Feng Hua Enter., Inc.*, No. 09-0072-CV, slip op. at 6 (N. Mar. I. Commw. Super. Ct. Aug. 3, 2009)[1] (rejecting appellee's contention that the limitations period under § 4948(c) begins running "within thirty (30) days *after* [the Secretary] complet[es] his *review of the administrative case file*" because "the Secretary could 'review the file' for an indefinite period of time before the 30 day time limit began to ran [sic] making the time period requirement contained in subsection (c) inconsequential and superfluous").

Royal Crown filed its appeal with the Secretary on June 1, 2009. Because the Secretary had not issued an order by July 1, 2009, 30 days later, the hearing officer's decision became final by operation of law on that date. Royal Crown then

---

[1]Absent binding state precedent, we "must attempt to determine from all available data the manner in which the [state] Supreme Court would interpret [the relevant statute] if confronted with the precise issue here presented." *MGM Grand Hotel, Inc. v. Imperial Glass Co.*, 533 F.2d 486, 489 (9th Cir. 1976)). Thus, a state trial court decision, while not binding, may nonetheless constitute persuasive authority. *Spinner Corp. v. Princeville Dev. Corp.*, 849 F.2d 388, 390 n.2 (9th Cir. 1988).

had 30 days from that date – until July 31, 2009 – to file for judicial review. *See* 3 N. Mar. I. Code § 4949(a) ("Judicial review of a final action of the Secretary . . . shall be initiated within thirty (30) days of final action."). Royal Crown did not file its complaint in the district court until August 17, 2009. Therefore, its claim was untimely.

Royal Crown asserts that, even if it filed its complaint in the district court after the statutory period for doing so had expired, the issuance of Kaipat's written order dismissing its appeal prior to the expiration of the 30-day period for seeking judicial review "misled" Royal Crown as to the date the limitations period terminated. We disagree. The Secretary did not misrepresent the state of CNMI law with respect to the date of final action. *See Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232-35 (1959) (statute of limitations was subject to equitable tolling where respondent's agents "induced the delay by [erroneously] representing to petitioner that he had seven years in which to sue"), *cited with approval in Marianas Ins. Co. v. Commonwealth Ports Auth.*, 2007 MP 24, ¶ 35 (N. Mar. I. 2007)). "[A] late filing that results from counsel's misreading of a statute's allowable refiling period" does not warrant equitable tolling under CNMI law. *Oden v. N. Marianas Coll.*, 6 N. Mar. I. 601, 605 (2003); *see Zhang Gui Juan v. Commonwealth*, 6 N. Mar. I. 322, 329 (2001) (citing *Irwin v. Dep't of Veterans*

5

*Affairs*, 498 U.S. 89, 96 (1990)) (claimant's "good faith reliance that [28 U.S.C.] § 1367(d) gave her an extended limitations period" was "a garden variety claim of excusable neglect" and thus "[fell] woefully short of justifying the application of equitable tolling"). The district court did not err in dismissing Royal Crown's claim for judicial review because the limitations period had run.

### III

Royal Crown argues the district court erred in dismissing its § 1983 claim under the doctrine of res judicata. It contends that the dismissal of the judicial review claim under the statute of limitations does not have preclusive effect, and that, in any case, the § 1983 action is not precluded by dismissal of the judicial review claim because the § 1983 claim does not present issues identical to those presented in the administrative action. This court reviews de novo the district court's dismissal of a claim based on the doctrine of res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Under CNMI law, "[t]he doctrine of administrative res judicata bars an action that has already been the subject of a final administrative decision." *Estate of Muna v. Commonwealth*, 6 N. Mar. I. 71, 73 (2000) (citing *In re Estate of Ogumoro*, 4 N. Mar. I. 124, 127 (1994) (setting forth principles of res judicata under CNMI law)). Unreviewed state administrative determinations have

6

preclusive effect in federal court according to law of the forum state so long as the agency has complied with the fairness requirements of federal common law. *Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995) (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966), *superseded on other grounds by* Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13 (Supp. V 1981)); *see also Wehrli v. Cnty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986)) ("'*If an adequate opportunity for review is available*, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing her right to appeal.'"). The legal as well as factual determinations of the agency are preclusive. *Skysign Int'l, Inc. v. City of Honolulu*, 276 F.3d 1109, 1115 (9th Cir. 2002) (citing *Misischia*, 60 F.3d at 629). Because the agency's adjudication was fair according to federal law and Royal Crown failed to petition in a timely manner for review from the Secretary's final action, both the legal and factual issues resolved in that action gained preclusive effect in federal court pursuant to the doctrine of administrative res judicata.

Furthermore, administrative res judicata applies in this matter because there is an identity of claims between the due process claim Royal Crown asserted before the Department and its § 1983 claim. *See United States v. Liquidators of*

7

*European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) ("Three elements constitute a successful res judicata defense. Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." (citation omitted)).  The Department in the instant matter adjudicated the question whether its procedures in its bond action against Royal Crown comported with due process.  Royal Crown states that it "does not seek to litigate or relitigate the facts at issue in the judicial review claim" because its § 1983 claim presents a "systemic challenge" to the Department's "policy and procedures, or lack thereof," in adjudicating bond disputes.  Permitting the § 1983 claim to go forward, however, would necessarily involve relitigating whether the Department violated Royal Crown's due process rights based on the "same transactional nucleus of facts" presented before the Department.  *See id.* at 1151.  The district court therefore did not err in concluding that Royal Crown's § 1983 claim against Kaipat was precluded by res judicata.

**AFFIRMED.**