CALLAHAN, Circuit Judge,
concurring:
I concur in the panel’s decision, but write separately to make explicit an important jurisdictional point implicitly addressed by the majority.
As the majority acknowledges, our opinions are less than consistent on whether district courts have jurisdiction to determine if a federal law affords a litigant a private right of action. See Maj. Op. at 1151 & n. 1 (comparing Western Radio Services Co. v. Qwest Corp., 530 F.3d 1186, 1196 (9th Cir.2008), and Lewis v. Transamerica Corp., 575 F;2d 237, 239 n. 2 (9th Cir.1978), rev’d on other grounds, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), with North County Communications Corp. v. Cal. Catalog & Tech., 594 F.3d 1149, 1151-52 (9th Cir.2010), and Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir.2007)). Accordingly, I offer a further explanation for our decision to affirm the district court’s jurisdiction.
Our opinion in North County Communications accepted without analysis the district court’s conclusion that the lack of a private right of action deprived that court of jurisdiction. 594 F.3d at 1152, 1161. In addition, although we offered some analysis in Williams, we relied on factually distinguishable precedent involving state causes of action, as opposed to federal causes of action, in holding that we lacked jurisdiction over plaintiffs claims. 500 F.3d at 1022.
In contrast, our remaining decisions have more extensively addressed the issue of subject matter jurisdiction and are in accord with our opinion today. For example, Thompson v. Thompson, 798 F.2d 1547 (9th Cir.1986), correctly articulated and applied the relevant legal principles as set forth by the Supreme Court:
The district court erred in dismissing [the] complaint for lack of subject matter jurisdiction. [The] complaint alleges a violation of a federal statute, 28 U.S.C. § 1738A. Federal question jurisdiction exists unless the cause of action alleged is patently without merit, see Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 70-71, 98 S.Ct. 2620, 2628-29, 57 L.Ed.2d 595 (1978), or the allégation is clearly immaterial and made solely for the purpose of obtaining jurisdiction. See Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 279, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). The court must assume jurisdiction to decide *1157 whether the complaint states a cause of action on which relief can be granted. Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Because jurisdiction is not defeated by the possibility that the complaint might fail to state a claim upon which recovery can be had, the failure to state a valid claim is not the equivalent of a lack of subject matter jurisdiction, and calls for a judgment on the merits rather than for a dismissal for lack of jurisdiction. Rodriguez v. Flota Mercante Grancolombiana, S.A., 703 F.2d 1069, 1072 (9th Cir.), cert. denied, 464 U.S. 820, 104 S.Ct. 84, 78 L.Ed.2d 94 (1983).
798 F.2d at 1550. We reiterated this ruling in Western Radio Services, 530 F.3d at 1193-96 (synthesizing Supreme Court case law to determine “[w]e thus have jurisdiction under 28 U.S.C. § 1331 to determine whether [a federal statute] affords a private cause of action”).[1]
Our opinion should dispel some of the confusion concerning a district court’s subject matter jurisdiction to determine whether a litigant asserts a federal cause of action by reaffirming our reading of Supreme Court precedent articulated in Thompson and Western Radio Services. In sum, a district court has subject matter jurisdiction to determine whether a private right of action exists under federal law.

. See also Lapidus v. Hecht, 232 F.3d 679, 681 n. 4 (9th Cir.2000) (assuming that a private right of action existed “because the ‘question whether a cause of action exists is not a question of jurisdiction' ") (quoting Burks v. Lasker, 441 U.S. 471, 476 n. 5, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979)); Price v. City of Stockton, 390 F.3d 1105, 1108 (9th Cir.2004) (recognizing that whether a cause of action exists is not a question of jurisdiction).