**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AMERICAN AIRLINES, INC.,
*Plaintiff-Appellee*,

v.

ROBERT STEVEN MAWHINNEY,
*Defendant-Appellant.*

No. 16-56638

D.C. No.
3:16-cv-02270-
MMA-BLM

---

TRANSPORT WORKERS UNION,
LOCAL 591,
*Plaintiff-Appellee*,

v.

ROBERT STEVEN MAWHINNEY,
*Defendant-Appellant.*

No. 16-56643

D.C. No.
3:16-cv-02296-
MMA-BLM

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Filed September 26, 2018

Before:  Marsha S. Berzon and N. Randy Smith, Circuit
Judges, and P. Kevin Castel,[*] District Judge.

Opinion by Judge Berzon

## SUMMARY[**]

### Labor Law / Arbitration

In two related appeals concerning claims for whistleblowing retaliation under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, the panel denied motions to dismiss the appeals, affirmed the district court's order compelling arbitration of the plaintiff's claim against his employer, and reversed its order compelling arbitration of the plaintiff's claim against his union.

Denying the motions to dismiss, the panel held that it had jurisdiction over the appeals because the district court's orders compelling arbitration were no longer interlocutory once the district court dismissed the actions and entered judgment.

Affirming as to the AIR21 retaliation claim against the employer, the panel held that the employer did not waive its right to arbitrate by waiting to move to compel until after an

---

[*] The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

agency investigation into its conduct was complete. The panel held that private AIR21 retaliation claims are not inherently nonarbitrable. The panel also held that arbitration was not barred by the state statute of limitations or by the Federal Arbitration Act.

Reversing as to the retaliation claim against the union, the panel concluded that the union was not a party to the arbitration provision at issue and was not otherwise entitled to enforce the provision under agency law.

## COUNSEL

Robert Steven Mawhinney (argued), La Jolla, California, pro se Defendant-Appellant.

John D. Hayashi (argued), Morgan Lewis Bockius LLP, Costa Mesa, California; Robert Jon Hendricks, Morgan Lewis Bockius LLP, San Francisco, California; for Plaintiff-Appellee American Airlines, Inc.

Lee Saham (argued) and Lucas K. Middlebrook, Seham Seham Meltz & Petersen LLP, White Plains, New York; Nicholas P. Granath, Seham Seham Meltz & Petersen LLP, Minneapolis, Minnesota; for Plaintiff-Appellee Transport Workers Union, Local 591.

## OPINION

BERZON, Circuit Judge:

In these related appeals, we consider whether the district court properly compelled arbitration of Robert Steven Mawhinney's claims for whistleblowing retaliation, brought under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121. With respect to the retaliation claim against Mawhinney's employer, American Airlines ("the Airline"), we affirm. The Airline did not waive its right to arbitrate by waiting to move to compel until after an agency investigation into its conduct was complete, nor is there reason to believe private AIR21 retaliation claims are inherently nonarbitrable. With respect to the retaliation claim against Mawhinney's union, Transportation Workers Union, Local 591 ("the Union"), we reverse. The Union is not a party to the arbitration provision at issue in these cases and is not otherwise entitled to enforce the provision.

## I

Mawhinney is an aircraft maintenance technician formerly employed by American Airlines in San Diego. He was fired by the Airline in 2001 — according to Mawhinney, in retaliation for protected whistleblowing activity. Shortly after his discharge, Mawhinney filed a complaint with the Department of Labor ("DOL"), invoking the whistleblower protections of AIR21.

As here relevant, AIR21 bars air carriers from firing or otherwise penalizing workers for alerting the air carrier or federal agencies to "any violation or alleged violation of any

order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety." 49 U.S.C. § 42121(a)(1). "A person who believes that he or she has been discharged . . . may . . . file . . . a complaint with the [DOL] alleging such discharge . . . ." 49 U.S.C. § 42121(b)(1). AIR21 provides that DOL must then issue, for each retaliation complaint it resolves, "a final order providing . . . relief . . . or denying the complaint." 49 U.S.C. § 42121(b)(3)(A). If the order is later violated, "[a] person on whose behalf" the order was issued may invoke AIR21 in federal district court to "commence a civil action . . . to require compliance with [the] order." 49 U.S.C. § 42121(b)(6)(A).

In December 2002, Mawhinney reached a settlement agreement ("the Agreement") with the Airline on his retaliation complaint. DOL issued an order formally approving the Agreement. The Agreement reinstated Mawhinney to his former position. *See Mawhinney v. Am. Airlines*, No. 15-cv-0259-MMA (BGS), 2015 WL 13604265, at *1 (S.D. Cal. Aug. 13, 2015). It also contained an arbitration provision:

> In the event of any dispute as to the compliance by either party with the terms of this Agreement, or in the event of any dispute arising at any time in the future between the Parties (including but not limited to the Released Parties, and any [of] their past, present or future successors, and their past, present or future officers, directors, employees, agents and representatives) involving Plaintiff's employment which may lawfully be the subject of pre-dispute

arbitration agreements, and which Plaintiff chooses not to grieve under any Collective Bargaining Agreement governing his employment, Plaintiff and American Airlines agree to submit such dispute to final and binding arbitration ("Private Arbitration") for resolution.  Private Arbitration shall be the exclusive means of resolving any such disputes and no other action will be brought in any other forum or court. . . .  The arbitrator shall have the authority to order any legal and or equitable relief or remedy which would be available in a civil or administrative action on the claim.

Also included in the Agreement was a California choice-of-law clause.

Between 2010 and 2011, Mawhinney received several disciplinary letters related to his management style.  These disciplinary letters culminated in a "career decision advisory" in which Mawhinney was given the choice of (1) signing a letter committing to abide by the Airline's policies, (2) resigning with severance in exchange for a promise not to exercise grievance rights, or (3) being fired without relinquishing grievance rights.  Mawhinney refused to accept the career decision advisory, believing it motivated by his renewed whistleblowing activities in 2010 and 2011.  Mawhinney was then terminated.

In September and October of 2011, Mawhinney initiated parallel proceedings based on his new allegations of retaliation.  One proceeding was an arbitration covering state law claims for retaliation, wrongful termination, breach of

contract, fraud, harassment, and intentional infliction of emotional distress. The other was an administrative proceeding before DOL, again invoking the whistleblower protections of AIR21. In his complaint to DOL, Mawhinney named as respondents both the Airline and the Union, as Mawhinney believed the two joined in the alleged retaliation against him.

The arbitration and DOL proceedings unfolded separately, both along bumpy paths. In November 2011, the Airline petitioned for bankruptcy. The arbitration was then stayed, but DOL's independent investigation of Mawhinney's AIR21 retaliation complaint was not. In mid-2012, DOL concluded that there was "no reasonable cause to believe" the Airline or the Union retaliated against Mawhinney, as the Airline had supplied clear and convincing evidence that Mawhinney's disciplinary action was the result of his "poor judgment and deficient leadership." *See* 49 U.S.C. § 42121(b)(2)(B)(iv); 29 C.F.R. §§ 1979.104(c), 1979.105(a). DOL advised Mawhinney that he had the right to "appeal" DOL's investigation by making objections and requesting a hearing before an administrative law judge ("ALJ"). *See* 29 C.F.R. § 1979.106(a). However, DOL also noted that, as it had not reached a finding in his favor, it would not conduct any further investigation on its own, and any adversary proceedings against the Airline or Union would be Mawhinney's sole responsibility. *See also* 29 C.F.R. § 1979.108.

Mawhinney pursued adversary proceedings against the Airline and Union by filing objections to DOL's investigation and requesting a hearing before an ALJ. The ALJ then split the retaliation action. As to the Airline, the ALJ stayed the case in view of the pending bankruptcy. As to the Union, the

ALJ dismissed Mawhinney's claim, concluding that the Union fell outside the scope of AIR21. As here relevant, AIR21 bars retaliation by an "air carrier or contractor or subcontractor of an air carrier." 49 U.S.C. § 42121(a). A "contractor" is defined as "a company that performs safety-sensitive functions by contract for an air carrier." 49 U.S.C. § 42121(e). According to the ALJ, the Union was not a "company" within the meaning of AIR21.

Mawhinney appealed the ALJ's decision in his now-separate retaliation action against the Union to DOL's Administrative Review Board ("ARB"). The ARB reversed and remanded to the ALJ for reconsideration, reasoning that, at their broadest, the generic terms "contractor" and "company" can include labor unions. In particular, the ARB concluded that a "contractor" is potentially *any* party to a contract, and so a union may be a "contractor" by virtue of being party to a collective bargaining agreement with an employer.

With respect to the Airline, proceedings resumed, both in arbitration and before the ALJ, after the bankruptcy stay was lifted in late 2013. The arbitration of Mawhinney's state law claims was resolved in short order; in November 2014, the Airline prevailed in full. The Southern District of California then confirmed the arbitral award, and a panel of this court affirmed. *Mawhinney v. Am. Airlines, Inc.*, 692 F. App'x 937 (9th Cir. 2017).

The proceedings before DOL, however, turned more complex. In April 2014 — several months after the bankruptcy stay was lifted, and while the arbitration of the state law claims was still pending — the Airline filed a motion to compel arbitration of the action pending before the

ALJ. The Airline argued that, like the factually related state law claims, the administrative action fell within the 2002 Agreement approved by DOL. The ALJ granted the motion to compel arbitration the following month. Mawhinney then appealed the order compelling arbitration to the ARB, which in January 2016 reversed.

In reversing, the ARB reasoned that the Airline's demand for arbitration could be viewed equally as a breach of the Agreement or as a breach of the DOL order approving it.[1] With respect to the former, the ARB concluded that the issue was essentially one of contract "construction and enforcement . . . dictated by principles of contract law," such that the proper forum for addressing the Airline's demand was a judicial rather than an administrative proceeding. With respect to the latter, the ARB noted that, under AIR21, the only specified federal forum for enforcing a DOL order disposing of a retaliation complaint is a district court, *see* 49 U.S.C. § 42121(b)(6)(A); the statute makes no mention of enforcement of a DOL order in proceedings before an ALJ. The ARB therefore remanded Mawhinney's AIR21 retaliation action to the ALJ for consideration of the merits, but noted that the Airline retained the option of attempting to compel arbitration in court.

---

[1] DOL's order approving the 2002 Agreement does not expressly incorporate the terms the Agreement. DOL regulations currently treat "[a]ny settlement approved" as "the final order of the Secretary." 29 C.F.R. § 1979.111(e); *see also* 29 C.F.R. § 1979.113. Although these regulations came into effect in 2003, after the DOL order approving the 2002 Agreement, DOL's 2016 order treated the 2002 settlement and the DOL order approving it as one, consistent with the later agency regulations. The parties do not dispute the point, and we have no reason to question DOL's 2016 interpretation of its own 2002 order. We therefore treat the 2002 DOL order as incorporating the settlement.

In response, the Airline initiated a *second* arbitration, limited to the claim of retaliation under AIR21. Mawhinney refused to abandon his ongoing administrative action in favor of arbitration, so the Airline filed suit in the Southern District of California for breach of contract, invoking both the Agreement and the district court's authority, under AIR21, to enforce the DOL order approving the Agreement. The Union, which had also lost at the ARB, brought a similar action.

Soon after filing their complaints, the Airline and the Union moved to compel arbitration.[2] The district court granted both motions. It then dismissed the underlying actions and entered judgment. Mawhinney filed timely appeals.

## II

We consider first the pending motions to dismiss. Both the Airline and the Union have moved to dismiss Mawhinney's appeals for lack of appellate jurisdiction, on the theory that the Federal Arbitration Act "generally permits immediate appeal of orders [refusing] arbitration, whether the orders are final or interlocutory, but bars appeal of interlocutory orders [enforcing] arbitration." *Green Tree Fin.*

---

[2] Strictly speaking, neither the Airline nor the Union moved to compel arbitration of the claims brought in district court; they moved to compel arbitration of the underlying AIR21 retaliation action. In a sense, then, the motion to compel was incorrectly styled. It was in fact a motion for judgment on the pleadings, seeking the relief demanded in the complaint — enforcement of the Agreement or of the DOL order approving it. We nonetheless refer to the dispositive motion as one to compel arbitration, as that is the terminology the parties have used. As we explain in the next section, the distinction does not matter; we have jurisdiction even if the motion is viewed as one to compel arbitration of the retaliation claim.

*Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000); *see also* 9 U.S.C. § 16(b)(2).

The motions fail because we are not here presented with interlocutory appeals. As we have repeatedly held, an order compelling arbitration is no longer interlocutory once a district court — like the district court in this case — dismisses the action and enters judgment. *See* 9 U.S.C. § 16(a)(3); 28 U.S.C. § 1291; *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001). That factually related claims may be pending in some other forum, such as at DOL, has no impact on the finality of the district court's decision. Nor does it matter that dismissal is without prejudice. *See Interactive Flight*, 249 F.3d at 1179; *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). The motions to dismiss are denied.

## III

We turn next to Mawhinney's appeal involving the Airline.

Mawhinney does not dispute that, absent some provision of law providing otherwise, his AIR21 retaliation action falls within the scope of the Agreement's arbitration clause. Nor can he, given that he himself invoked the arbitration clause to resolve a parallel claim for retaliation under state law. Mawhinney argues instead that arbitration is unavailable for the AIR21 action, either because a defense to enforcement of the settlement applies or because the Federal Arbitration Act ("FAA") or AIR21 precludes an arbitration order in this instance.

The district court rejected Mawhinney's arguments for avoiding arbitration.  We review the district court's decision de novo, *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1151 (9th Cir. 2008), and affirm.

## A

Mawhinney argues first that the Airline waived its right to arbitrate his AIR21 action by participating in the initial investigation of Mawhinney's complaint at DOL. As Mawhinney notes, litigation on the merits is a common basis for finding a waiver of the right to arbitrate on the merits. Litigating in court is inconsistent with asserting one's arbitration right.  Litigation may also expose the opposing party to prejudice — for example, prolonged or duplicative proceedings, or a risk of inconsistent rulings — if arbitration is later demanded.  *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124–26 (9th Cir. 2008); *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003).

In this case, however, there was no "litigation" at DOL from which to infer a waiver.[3]   The AIR21 complaint Mawhinney filed did not initiate adversarial proceedings before an ALJ.   It initiated a DOL investigation, *see* 29 C.F.R. § 1979.104, in which DOL had an independent interest.  Had DOL's investigation come out in Mawhinney's favor, DOL would have issued an administrative order

---

[3] The district court did not make a factual finding regarding waiver. However, as the relevant facts are not in dispute, we address the issue de novo.  *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1409 (9th Cir. 1990).

providing statutorily and regulatorily defined remedies, *see* 49 U.S.C. § 42121(b)(3)(B); 29 C.F.R. § 1979.105(a)(1), which DOL would have been entitled to enforce in its own name, 49 U.S.C. § 42121(b)(5). The Agreement between Mawhinney and the Airline does not extend to a proceeding of that kind, which concerns not a dispute between the parties to the Agreement, but a potential enforcement action by the government. *Cf. E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). "[A]rbitration agreements will not preclude [the agency] from bringing actions seeking . . . relief." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991).

As the Airline could not have compelled arbitration of DOL's independent investigation, the Airline cannot be faulted for failing to have sought to do so. The Airline's demand for arbitration, filed with the ALJ shortly after the bankruptcy stay was lifted, reflects a timely and diligent assertion of the right to arbitrate, and so precludes a finding of waiver.

## B

Mawhinney next argues that his AIR21 action cannot be arbitrated because AIR21 itself forbids it. In support of this proposition, Mawhinney points to no statutory language so stating, as there is none. Instead, he emphasizes the importance of DOL's role in hearing and resolving retaliation complaints under AIR21.

Mawhinney misconceives the administrative process provided by the statute. DOL's independent interest in Mawhinney's AIR21 retaliation complaint — grounded in its responsibility for assuring the safety of air travel, *see* H.R.

Rep. No. 106-167, pt. 1, at 100 (1999) — ceased once its investigation concluded with a finding of no violation. At that point, DOL's investigatory role was complete, *see* 29 C.F.R. §§ 1979.104, 1979.105(a). An administrative AIR21 action did remain, as Mawhinney elected to pursue his complaint against the Airline in a hearing before an ALJ, as he was entitled to do. *See Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 868 (2010) (observing that the procedure available following DOL's unfavorable investigation was "a full de novo trial-like hearing before an ALJ"). But as DOL emphasized in its letter to Mawhinney regarding his post-investigation "appeal" right, the AIR21 action at that point concerned only Mawhinney's purely private dispute with the Airline, not the government's independent interest in advancing the public interest in airline safety. Once DOL found no violation, that is, the agency provided only the forum, but was not a party to the dispute. The proceeding before the ALJ was therefore squarely controlled by the arbitration provision in the Agreement.

*Williams v. United Airlines, Inc.*, 500 F.3d 1019 (9th Cir. 2007), does not support a contrary conclusion. There, we rejected the argument that an implied private right of action exists in federal district court for a claim brought under AIR21. We so concluded because AIR21 reflects "a carefully-tailored administrative scheme" for adjudicating retaliation claims, with federal district court actions available only for "suits brought to enforce the [DOL]'s final orders." *Id.* at 1024. It does not follow from the absence of a private right of action in federal district court that other forums for dispute resolution — in this case, arbitration — are foreclosed if agreed upon by the parties. As the Supreme Court has explained, federal claims are generally amenable to arbitration unless there exists a "contrary congressional

command." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (citation omitted). Such a command need not be express, *see Gilmer*, 500 U.S. at 29, but it must consist of more than just entrusting the resolution of purely private claims to an executive agency adjudicator in the first instance, *see id.* at 28–29; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985).

## C

Finally, Mawhinney argues that arbitration is barred either by the state statute of limitations, or the FAA. Neither argument survives scrutiny.

## 1

In California, the limitations period for a breach of contract — including breach of a covenant to arbitrate — is four years. Cal. Civ. Proc. Code § 337(1); *Wagner Constr. Co. v. Pac. Mech. Corp.*, 41 Cal. 4th 19, 29 (2007). According to Mawhinney, the Airline exceeded this limitations period because its action in district court, filed in September 2016, came more than four years after Mawhinney's AIR21 complaint with DOL, filed in October 2011.

Mawhinney mistakes the point at which the limitations period began to run. Under California law, the limitations period on an arbitration demand begins to run when "a party . . . can allege not only the existence of the [arbitration] agreement, but also that the opposing party refuses to arbitrate." *Spear v. Cal. State Auto. Ass'n*, 2 Cal. 4th 1035, 1041 (1992) (emphasis omitted). Mawhinney did not refuse to arbitrate when he filed his AIR21 complaint. He refused

to arbitrate in early 2014, when, after the bankruptcy stay was lifted, he refused the Airline's request to fold his AIR21 claim into the then-pending arbitration. At that point the Airline had no option but to move to compel.  The Airline's action in district court was filed within four years of that date, and is therefore not time-barred.[4]

**2**

With respect to the FAA, Mawhinney argues that the Agreement falls within the statutory exemption for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

As an initial matter, it is doubtful the FAA's interstate exemption for contracts of employment in foreign or interstate commerce applies in this case.  The Agreement was not the contract under which Mawhinney was hired.  *See J.I. Case Co. v. N.L.R.B.*, 321 U.S. 332, 335–36 (1944) (observing that a contract of employment, at its most basic, is an "act of hiring").  Nor was it a contract setting the terms and conditions of employment.  *See Am. Postal Workers Union of L.A. v. U.S. Postal Serv.*, 861 F.2d 211, 215 n.2 (9th Cir. 1988) (per curiam) (suggesting that collective bargaining agreements, which do not "hire" workers, but which do set the terms and conditions of employment, also fall within the

---

[4] The district court concluded that Mawhinney did not refuse arbitration until September 2016, after the Airline initiated an arbitration in which Mawhinney refused to participate. That determination was incorrect. California law does not require that an arbitration be initiated before the limitations period starts running; only a refusal to arbitrate is required. *See Spear*, 2 Cal. 4th at 1041.

section 1 exemption); *see also United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987) (so assuming). Instead, the Agreement was a contract settling a dispute between the parties, albeit an employment-related one, by restoring the status quo ante and providing for the resolution of later disputes. *Cf. Gilmer*, 500 U.S. at 25 n.2 (concluding that the section 1 exemption does not extend to an agreement simply because it was reached in furtherance of or in relation to one's employment).

More to the point, though, recourse to the FAA is not a condition of enforcing the arbitration agreement in this case. The FAA governs requests to enforce *contractual* arbitration provisions, *see* 9 U.S.C. § 2, not the enforcement of a governmental order to arbitrate a particular dispute. As discussed, *see supra* note 1, the DOL's order provides an independent basis for enforcing arbitration. The order incorporates the terms of the Agreement, including the arbitration provision for future disputes, and is *separately* enforceable under 42 U.S.C. § 42121(b)(6)(A).[5]

In sum, Mawhinney's private retaliation claim was a proper subject of arbitration, which the Airline timely requested.

## IV

We turn to the appeal involving the Union.

---

[5] We do not address the district court's holding that airline mechanics, unlike "seamen" or "railroad employees," are not "engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114–15 (2001).

## A

The key question in the Union's case is the Union's relationship to the Agreement. If the Union is neither a party to nor a beneficiary of the Agreement, it cannot enforce the arbitration provision within the Agreement by way of a direct action on the contract. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006); *The H.N. & Frances C. Berger Found. v. Perez*, 218 Cal. App. 4th 37, 43 (2013).[6] Nor can it enforce the Agreement by way of DOL's order approving the Agreement, as AIR21 only allows private enforcement of DOL orders by "[a] person on whose behalf" the order was issued.[7] 49 U.S.C. § 42121(b)(6)(A). On the other hand, if the Union is in some sense a party to or a beneficiary of the Agreement (and therefore of the DOL order, *see supra* note 1), it may validly compel arbitration of Mawhinney's AIR21 retaliation claim, just as the Airline did.[8]

---

[6] We apply California law because the Agreement included a California choice-of-law provision. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474–76 (1989).

[7] The Union could not maintain an action in federal court on the Agreement alone, as the Union and Mawhinney are not diverse, *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 n.9 (1980), and the FAA does not create federal question jurisdiction for a request to compel arbitration, *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). However, the Union has nonfrivolously invoked the provision in AIR21 permitting enforcement of a final DOL order concerning an AIR21 retaliation complaint. *See* 49 U.S.C. § 42121(b)(6)(A). The statute is therefore a basis for federal jurisdiction, even if the Union's claim ultimately fails on the merits. *See Cement Masons Health & Welfare Tr. Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999).

[8] The Union does not contend that the threshold question of its authority to enforce the arbitration provision is itself arbitrable.

The Union recognizes that it is not named as a party to the Agreement or to its arbitration provision.[9]  It nonetheless contends that it can enforce the arbitration provision because it qualifies, at least for the purposes of Mawhinney's AIR21 action, as an "agent" of the Airline, a category of third parties specifically authorized in the Agreement to enforce the arbitration provision against signatories.

The Union's theory of agency is convoluted:  The Union notes that the ARB reversed and remanded the ALJ's dismissal of the Union from Mawhinney's retaliation claim. The ARB's thesis was that the Union potentially fell within the scope of AIR21 because it could qualify as an Airline "contractor," 49 U.S.C. § 42121(e), and so as a respondent in a retaliation claim.   The Union notes also that AIR21 prohibits retaliation by "contractors" only against their "employees."  49 U.S.C. § 42121(a).  It follows, according to the Union, that Mawhinney's retaliation action could only proceed if he was deemed an "employee" of the Union.  Yet, according to the collective bargaining agreement between the Airline and the Union, the Airline retains "sole" control over "the direction of its working force . . . and the right . . . to hire, discipline and discharge employees." Accordingly, says the Union, it could only have been engaged in an employer-employee relationship with Mawhinney if it functioned as an agent of the Airline, carrying out the Airline's "direction." *See generally* Restatement (Third) of Agency § 1.01 (2006).

---

[9] The Agreement defines the "Parties" as Mawhinney and the Airline, defines the "Parties Bound" as Mawhinney and the Airline, and is signed only by Mawhinney, Mawhinney's attorney, and a representative of the Airline.

The district court did not reach the question whether the Union *could* be treated as an agent of the Airline. Instead, the district court cited the maxim that "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). It then compelled arbitration because the Union's legal argument for agency, and thus for an entitlement to compel arbitration, was at least colorable.

We review the district court's order de novo, *Rogers*, 547 F.3d at 1151, and reverse. Under the established meaning of the term "agent," and the statutory role of the Union under the Railway Labor Act, 45 U.S.C. §§ 151–165, 181–188, the Union simply was not the Airline's agent with regard to its role in Mawhinney's employment dispute, and so was not covered by the arbitration provision in the Agreement. Whether the Union was a "contractor" for purposes of AIR21 is a separate matter, not before us.

**B**

"Agency is the fiduciary relationship that arises when [a principal] manifests assent to [an agent] that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01; *Edwards v. Freeman*, 34 Cal. 2d 589, 592 (1949); *Secci v. United Indep. Taxi Drivers, Inc.*, 8 Cal. App. 5th 846, 855 (2017). To establish an agency relationship, "[t]he principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control." *Edwards*, 34 Cal. 2d at 592 (citation omitted); *Secci*, 8 Cal. App. 5th at 855.

Nothing in the Union's pleadings or moving papers suggests that the Airline and the Union had agreed that the Union would act on behalf of the Airline and under its control with regard to Mawhinney's employment status. That vacuum is not surprising. Generally, a union does not act on behalf of an employer or subject to an employer's control; it acts on behalf of the represented workers, to whom it owes a duty of fair representation vis à vis the employer. *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 46–47 & n.8 (1979). In that capacity, the Union's obligation is to *oppose* the employer's interests during collective bargaining and in processing grievances when its role as the workers' representative so requires, not to act on behalf of and under the control of the employer. *See Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 549 (9th Cir. 1987). Indeed, under the Railway Labor Act, which governs Mawhinney's employment with the Airline, it is illegal for the a union to operate under an employer's control. 45 U.S.C. § 152, Fourth; 45 U.S.C. § 182; *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1015–16 (9th Cir. 1990).

The Union does not really engage with the anomaly of contending that it is the agent of the employer with whom it is obligated to bargain on the employer's behalf. Instead, the Union's contention, at bottom, is that it should be treated as an agent on a counterfactual basis — not because it truly *is* an agent, but because the ARB's conclusion that the Union may have "contractor" status under AIR21 can only hold true if an agency relationship exists between the Airline and the Union.[10] We do not resolve cases based on how another

---

[10] It may well be that the Union is no more a "contractor" under AIR21 than it is an "agent" under the Agreement. The ARB's view, under which any party to a contract is a "contractor," is strangely literal, and

forum is approaching parallel litigation. The Union's proposition that we should do so here is particularly weak, as the ARB's decision is neither final nor certain — nor even directly about whether the Union is the Airline's "agent."

The district court did not agree with the Union's position concerning its status as the Airline's "agent." Instead, the district court invoked the familiar maxim that "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25.

The preference for a broad construction of an ambiguous arbitration agreement has no application here. The federal preference for a broad construction of an arbitration agreement refers to "ambiguities as to the scope of the arbitration clause itself," *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–76 (1989), not the threshold question whether a person entered into or is covered by an agreement to arbitrate, *see First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *Volt*, 489 U.S. at 478. Here, "[t]he question . . . is not whether a particular issue is arbitrable, but whether a particular party is bound by the arbitration agreement. Under these circumstances, the

---

seems to confuse contracting *out* or *for* something with simply being a party to any contract. *Cf. Contractor*, *Webster's Third New International Dictionary* (2002) ("[O]ne that formally undertakes to do something for another . . . ; one that performs work . . . or provides supplies on a large scale . . . according to a contractual agreement . . . ."). In any event, AIR21 itself defines "contractor" narrowly, as "a company that performs safety-sensitive functions by contract for an air carrier." 49 U.S.C. § 42121(e). There is little reason to believe the Union meets that definition — that is, that the Union, which is a representative for the workers in collective bargaining and in the grievance process, "performs safety-sensitive functions" *for* the Airline.

liberal federal policy regarding the scope of arbitrable issues is inapposite." *Comer*, 436 F.3d at 1104 n.11 (emphasis omitted).

## V

As the present appeals are not interlocutory, the motions to dismiss are **DENIED**.

In *American Airlines v. Mawhinney*, No. 16-56638, the Airline did not waive arbitration by waiting until after DOL's independent investigation was complete to file a motion to compel. Nor is there any inherent arbitrability problem with a private AIR21 action litigated before an ALJ following an unfavorable DOL investigation. The district court's order compelling arbitration is **AFFIRMED**.

In *Transportation Workers Union, Local 591 v. Mawhinney*, No. 16-56643, applying ordinary principles of agency law, the Union is not in a position to enforce the 2002 settlement agreement or the DOL order approving it. The district court's order compelling arbitration is **REVERSED**.